## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOHN FAKLA,

            **Plaintiff,**

v.

THE BOROUGH OF MIDDLESEX,
et al.,

            **Defendants.**

Civ. No. 22-04126 (KM) (ESK)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of defendant Middlesex County for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (DE 32).[1] For the reasons set forth below, the motion is **GRANTED**.

### I.    Background

In June 2022, plaintiff John Fakla commenced this action against a long list of various government agencies and actors. (DE 1.) The gist of the complaint is that Fakla was maliciously prosecuted and denied his due process rights by, primarily, several officers of the Middlesex Borough Police Department and employees of the Middlesex County Prosecutor's Office. Fakla also alleges that Middlesex Borough Police officers used excessive force against him during a traffic stop. These claims are brought pursuant to federal and New Jersey law.

---

[1]    Certain citations to the record will be abbreviated as follows:

    DE = Docket entry in this matter
    Compl. = Complaint (DE 1)
    Opp. = Fakla's brief in opposition to the County's motion for judgment on the pleadings (DE 36)

In October 2022, defendant Middlesex County ("the County") moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (DE 32.) Fakla filed a brief in opposition to the motion (DE 36), and the County filed a brief in reply (DE 37).

## II.   Legal standards

Federal Rule of Civil Procedure 12(c) provides for judgment on the pleadings after the pleadings have been closed. A motion for judgment on the pleadings will be granted "if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law. The court will accept the complaint's well-pleaded allegations as true, and construe the complaint in the light most favorable to the nonmoving party, but will not accept unsupported conclusory statements." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262-263 (3d Cir. 2008) (internal citations omitted). For present purposes, the standards governing a Rule 12(c) motion and a Rule 12(b)(6) motion are similar. *See Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

The Court must dismiss a complaint pursuant to a Rule 12(b)(6) motion if the complaint fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, demonstrating that it is "plausible on its face." *See Twombly*, 550 U.S. at 570; *see also Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

### III.     Discussion

As a preliminary matter, it is not entirely clear from the complaint what claims, if any, Fakla is asserting against the County. None of the ten counts raised in the complaint allege any conduct on the part of the County specifically. The only counts that can plausibly be read as pleading a cause of action against the County are Counts 7 and 9, as they do not name any defendant in particular but instead refer to "Defendants" as a group. I will therefore focus on whether Counts 7 and 9 state a claim against the County on the basis of the facts alleged.

#### A. Count 7

Count 7 is brought under the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-1 *et seq.* The NJCRA provides remedies to individuals for violations of substantive rights, privileges or immunities secured by the New Jersey Constitution and New Jersey statutes.

The complaint does not clearly state the specific violations that are alleged to have been committed by the County. Fakla argues in his opposition brief that the County is liable for depriving Fakla of his liberty pursuant to a malicious prosecution, as the County administered the pretrial services program in his criminal case and operates the jail where he was incarcerated pending resolution of the case. (Opp. 3-4.)

Fakla points to the following facts alleged in the complaint as support for this claim: After an arrest in July 2019, Fakla was released with an ankle monitor, which remained on him until it unexpectedly broke in December 2019; Fakla called pretrial services when the monitor broke, and they proceeded to detain him, strip him naked, and leave him for days in Middlesex County Jail; while there, he was given medication that was detrimental to his health; and neither the nurses nor the social worker assisted Fakla in addressing this situation. (Compl. ¶¶68-81.) In January 2020, a hearing was held in regard to the breaking of the ankle monitor, during which a pretrial services representative testified without any evidentiary basis that Fakla tampered with the monitor and took it off. (*Id.* ¶82.) After a subsequent hearing

later that month, Fakla was ordered detained pending further psychological evaluation. (*Id.* ¶¶85.)

Fakla also points to allegations concerning the County prosecutor in his case (Opp. 5-6), Martha McKinney, but he does not appear to argue that the County is vicariously liable for McKinney's conduct. Nor could he successfully make this argument, as it is well-established that when county prosecutors act in a law enforcement capacity, they act as agents of the State, not the County. *Coleman v. Kaye*, 87 F.3d 1491, 1499 (3d Cir. 1996). The allegations concerning McKinney relate to her involvement in the criminal case against Fakla and thus are not a basis for County liability.

By contrast, individuals employed by the County's pretrial services program and by the Middlesex County Jail may be presumed, at least at this procedural stage, to have acted as agents of the County. But under the NJCRA, the County cannot be held liable on the basis of *respondeat superior.* Instead, "a municipality can be held liable only if it causes harm through 'the implementation of official municipal policy.'" *Winberry Realty P'ship v. Borough of Rutherford*, 253 A.3d 636, 650 (N.J. 2021) (citing *Lozman v. City of Riviera Beach*, 138 S. Ct. 1945, 1951 (2018)).

Official municipal policy can take the form of an actual ordinance or regulation adopted by municipal officers, a widespread custom or practice that has not received formal approval, or a failure or inadequacy of the municipality that "reflects a deliberate or conscious choice." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978). In all cases, "there must be a direct causal link between the municipality's custom, policy, or practice and the alleged constitutional deprivation." *Est. of Yearby v. Middlesex Cnty*, No. A-1974-20, 2022 WL 1714534, at *15 (N.J. Super. Ct. App. Div. May 27, 2022), *cert. denied*, 284 A.3d 444 (N.J. 2022). *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

Here, the complaint contains no allegations that would give rise to municipal (*i.e.,* County) liability. Fakla does not allege that these pretrial services or County jail employees were acting pursuant to a County policy, custom or practice. He also does not allege that their actions are tied to wrongful conduct by the County, such as a failure to train or supervise its employees.[2] Lacking any such factual allegations, Fakla cannot maintain a cause of action against the County under the NJCRA.

Even setting aside this dispositive this issue, I also note that Fakla's theory of liability—deprivation of liberty pursuant to a malicious prosecution—lacks clarity. Fakla appears to be making a claim that is distinct from malicious prosecution, and rightly so, as a malicious prosecution claim cannot be raised under the NJCRA.  *See Evans v. City of Newark*, No. CV1400120KMMAH, 2023 WL 2535283, at *15 (D.N.J. Mar. 16, 2023) (explaining that a malicious prosecution claim "is grounded in a denial of due process," whereas the NJCRA provides remedies only for the violation of *substantive* rights) (emphasis added). Beyond that, a plaintiff seeking to assert a malicious prosecution claim under New Jersey common law must demonstrate, among other things, that the defendant initiated a criminal proceeding against the plaintiff. *Trabal v. Wells Fargo Armored Serv. Corp.,* 269 F.3d 243, 248 (3d Cir. 2001). In addition to a prosecutor, a police officer may be liable for malicious prosecution if the officer "influenced or participated in the decision to institute criminal proceedings." *Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014) (citing *Sykes v. Anderson*, 625 F.3d 294, 308–09, 317 (6th Cir. 2010)). I am not aware of any precedent, however, that would support such

---

[2]    Fakla argues in his opposition brief that the County "engaged in behavior that was likely the result of a pattern and practice of abuse of individuals who might have been cast by their malicious prosecutors as someone deserving of such treatment, when in reality the person should not have ever been held in that manner in the first place." (Opp. 10.) Yet, the complaint is devoid of factual allegations to support this conclusion.

a claim against a pretrial services or County jail employee.[3] And even setting aside this lack of precedent, Fakla does not allege any facts that would tend to suggest that the pretrial services or County jail employees had anything to do with initiating a criminal proceeding against him.

Assuming that Fakla is making a claim that is distinct from malicious prosecution, his complaint does not clearly state what that claim is. Fakla may file a motion to amend his complaint if he so chooses, but any such motion must be accompanied by a proposed amended complaint that clearly states the nature of his claim against the County, and alleges facts to support such a claim. Those facts must identify a County policy, practice or custom, or a failure or inadequacy on the part of the County, that is connected to his claim. Count 7 is therefore dismissed without prejudice.

**B. Count 9**

Count 9 raises a claim of official misconduct pursuant to N.J. Stat. Ann. § 2C:30-2. That is a criminal statute, not a civil one.

If the relief sought is prosecution of another, there is not cause of action available. "Courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties." *Gittens v. Scholtz*, No. CV182519RBKKMW, 2019 WL 3417091, at *11 (D.N.J. July 29, 2019) (citations omitted).

If the relief sought is civil damages, this statute nevertheless does not "give rise to a private cause of action." *Yoder v. MacMain Law Grp., LLC*, 691 F. App'x 59, 60–61 (3d Cir. 2017). *See Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (refusing to infer a private cause of action from a "bare criminal statute"); *Zanetich v. Wal-Mart Stores E., Inc.*, No. 1:22-CV-05387, 2023 WL 3644813, at *4 (D.N.J. May 25, 2023) ("As a general principle, a plaintiff cannot bring claims to enforce a statute if it does not have a private right of action.") It is true that a statute may carry with it an implied

---

[3]     The police officer defendants named in this matter are employees of Middlesex Borough, not the County.

cause of action. *See Zanetich, supra* ("Both the United States Supreme Court and [the New Jersey Supreme] Court have held that a statute that does not expressly create a private cause of action may, nonetheless, implicitly create one.") I find no authority for the proposition that this statute gives rise to such a private cause of action, and the presumption is to the contrary. Should Mr. Fakla file a motion to amend, he may include in his brief whatever authorities may exist for finding such an implied cause of action here.

Count 9 is therefore dismissed without prejudice.

## IV.   Conclusion

For the reasons set forth above, the County's motion for judgment on the pleadings (DE 32) is **GRANTED**.

The dismissal is without prejudice, however, to Fakla's submission of a properly supported motion to amend his complaint, including a proposed amended complaint, within 60 days after the entry of this opinion and the accompanying order.

Dated: June 27, 2023

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**