**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 24-2610

---

JOHN FAKLA,
Appellant

v.

MATTHEW GEIST, Middlesex Borough Police Chief, both individually and in his official capacity; MARK MELCHIORRE, Middlesex Borough Police Office, both individually and in his official capacity as an officer of the Borough of Middlesex Police Department.

---

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:22-cv-04126)
District Judge: Honorable Susan D. Wigenton

---

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 9, 2025

Before: KRAUSE, PORTER, and AMBRO, *Circuit Judges*.

(Filed: July 17, 2025)

---

OPINION*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

John Fakla sued various individuals and entities associated with the local police and prosecutor's office of Middlesex County, New Jersey for alleged misconduct stemming from a 2012 DWI arrest and an alleged malicious prosecution that lasted from 2019 to 2021. Fakla's appeal challenges various aspects of the litigation process and the District Court's ultimate decision to grant summary judgment in favor of the Defendants. We will affirm.

I

Fakla claims that two officers from the Middlesex Borough Police Department, Mark Melchiorre and Matthew Geist, falsely arrested him in 2012. After this, he says, the officers "brutally assaulted" and "tortured" him, "injected him with an unknown substance," and told him they "wanted to tarnish his reputation." *Fakla v. Geist*, 2024 WL 3634191, at *2 (D.N.J. Aug. 2, 2024) (internal quotation marks omitted). Over the next seven years, Fakla harassed both men with increasingly erratic behavior. He appeared outside their houses and sent numerous messages to Melchiorre, one of which threatened the lives of his family. On July 1, 2019, Melchiorre was directing traffic. Fakla spotted him and began to drive past him repeatedly while shouting out the window. Fakla then parked his car on a street near Melchiorre, causing the officer to fear for his safety. Melchiorre called for backup, backup arrived, Fakla fled, and police pursued him. The next day, Fakla was arrested and charged with stalking and eluding.

Fakla was never convicted. On January 26, 2021, the trial court found that he was unfit to stand trial owing to his mental illness and that it was not "substantially probable"

he would "regain his competence within the foreseeable future." *Id.* at *3. All charges were dismissed with prejudice.

Fakla filed this suit on June 17, 2022, against Melchiorre, Geist, and many others, asserting claims under New Jersey and federal law. The Magistrate Judge then overseeing the case extended the discovery period several times. After issuing another extension through October 2023, the Magistrate Judge warned Defendants' counsel that if they did not respond to Fakla's outstanding requests he would grant leave for a sanctions motion. After the deadline passed, Fakla moved for sanctions. The Magistrate Judge scheduled a status conference in December, but Fakla's counsel failed to attend due to technical issues. Following the conference, the Magistrate Judge denied the motions based on the briefs "and for the reasons stated on the record at the conference," and closed discovery. Appellant's App. Vol. I at 12–13.

On January 9, 2024, the District Court held a hearing to address Defendants' motion for judgment on the pleadings. In an order that followed, it dismissed numerous claims with prejudice, including all counts that "relat[ed] to conduct that allegedly occurred" more than two years prior to the date of the complaint's filing. Appellant's App. Vol. I at 10–11. The District Court later clarified this referred to claims "to the extent they accrued prior" to that date. *Id.* at 9. It dismissed the remaining claims without prejudice and ordered Fakla to file an amended complaint. *Id.* at 11.

He did so. The new complaint alleged malicious prosecution under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2, as well as negligent and intentional infliction of emotional distress. The remaining Defendants sought

summary judgment and Fakla filed a motion to reopen discovery. The District Court denied Fakla's motion and granted summary judgment. Fakla timely appealed.

II

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo, "view[ing] the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Montone v. City of Jersey City*, 709 F.3d 181, 189 (3d Cir. 2013) (internal quotation marks omitted). "We review a district court's discovery orders for abuse of discretion, and will not disturb such an order absent a showing of actual and substantial prejudice." *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 281 (3d Cir. 2010).

III

A

Fakla seeks to fire a broadside at the District Court, but about half of his claims are unpreserved or forfeited. We decline to reach those arguments on the merits.

To begin, Fakla objects to the Magistrate Judge's decision to not schedule a hearing on his motion for sanctions. But he offers only a two-and-a-half-page block quote from the Federal Rules of Civil Procedure. He does not argue that the Magistrate Judge's decision was error. It is a cardinal rule of appellate litigation that the appellant must provide his "contentions and the reasons for them." Fed. R. App. P. 28(a)(8)(A). This is not discretionary: "[t]he appellant's brief *must* contain" his arguments. *Id.* at 28(a) (emphasis added). A brief that only quotes a rule without explanation fails to make an

argument, and thus fails to preserve the issue for appeal. *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 821 n.10 (3d Cir. 2006).

Fakla accuses the Magistrate Judge of turning the status conference into an *ex parte* hearing. He should have raised that argument before the Magistrate Judge or before the District Court. *See* Fed. R. Civ. P. 72(a). He did neither. We will not consider arguments raised for the first time on appeal absent "narrow exceptional circumstances." *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017). Fakla fails to offer, and we fail to perceive, exceptional circumstances meriting review this late in the process.

Next, Fakla's statement of the issues asks us to consider the District Court's dismissal of the claims against Middlesex Borough Police Department. But he offers no discussion anywhere in his brief about the dismissal and why it was inappropriate. Likewise, Fakla makes the remarkable assertion that the District Court possessed evidence of its own and did not offer it to Fakla during a hearing. But Fakla does not identify when this happened, what evidence was involved, or the motion to which this evidence related. He neither offers citations to the record nor any argument. These two issues are unpreserved.

B

Fakla understands the District Court to have said that "any actions of the Defendants, relevant or not, before June 17, 2020, were barred" as inadmissible evidence due to its statute-of-limitations ruling. Appellant's Br. 5. He criticizes the District Court

for "pointing to numerous dates before [June 17]" in favor of the Defendants "and not allowing Plaintiff the same courtesy." *Id.* at 18.

Fakla is mistaken. The District Court's order states that certain "*counts*" predating June 17, 2020, were dismissed with prejudice. Appellant's App. Vol. I at 10 (emphasis added). The Court later clarified, twice, that it was referring to claims "to the extent they accrued prior to" that date. *Id.* at 9; *Fakla*, 2024 WL 3634191, at *4 n.8 (emphasis deleted). It did not say that certain evidence was inadmissible because it pre-dated 2020. Thus, the District Court did not err.[1]

C

Next, Fakla objects to the District Court's analysis of *Thompson v. Clark*, 596 U.S. 36 (2022). In Fakla's view, *Thompson* asserts that the "deprivation of liberty is sufficient" to make out a claim for malicious prosecution. Appellant's Br. 19. That is incorrect. *Thompson* teaches that a malicious prosecution claim requires, "*among other things*," a showing that the plaintiff's "prosecution ended without a conviction." 596 U.S.

---

[1] To the extent Fakla seeks to resurrect his other malicious-prosecution claims, they are waived. "Waiver is the intentional relinquishment or abandonment of a known right." *United States v. Dowdell*, 70 F.4th 134, 140 (3d Cir. 2023) (internal quotation marks omitted). Before the District Court, Fakla's counsel "indicated . . . that the malicious prosecution claim arising out of the July 2019 arrest was the only claim that would not be barred by the statute of limitations." *Fakla*, 2024 WL 3634191, at *4. He did this at a moment when the Court was striking claims that were statutorily barred or else insufficiently pled.

Because the District Court disposed of the remaining malicious-prosecution claim on the merits, we decline to question its analysis of the statute of limitations and claim accrual under § 1983.

at 39 (emphasis added).[2] The District Court correctly considered two of those "other things": the lack of probable cause and the presence of malice. *Fakla*, 2024 WL 3634191, at *6–8. Fakla failed to show a genuine issue of material fact as to either element. *Id.*

On appeal, Fakla contends the prosecution lacked probable cause because the District Court dismissed the criminal charges with prejudice. But probable cause is based on "the facts and circumstances within the arresting officer's knowledge." *Id.* at *7 (quoting *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000)). That Fakla proved unfit for trial says nothing about whether probable cause existed on July 2, 2019, the date of his arrest. Fakla's malice argument rests on his allegation that there was no probable cause and is thus equally unpersuasive.

D

Finally, Fakla appeals the denial of his motion to reopen discovery. Discovery may be reopened "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires the moving party to show he pursued discovery with "due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tires Corp.*, 614 F.3d 57, 84 (3d Cir. 2010).

---

[2] A malicious-prosecution claim requires the plaintiff to show defendants: (1) "initiated a criminal proceeding"; (2) that ended in the plaintiff's favor; (3) acted without probable cause; (4) "acted maliciously or for a purpose other than bringing the plaintiff to justice"; and (5) "plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Harvard v. Cesnalis*, 973 F.3d 190, 203 (3d Cir. 2020) (quoting *Est. of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). *Thompson* clarified that a prosecution ends in the plaintiff's favor when there is no conviction. 596 U.S. at 39.

Fakla insists he employed due diligence by filing his sanctions motion. But he offers no explanation for the untimeliness of his motion to reopen. Nor does he address the District Court's conclusion that the evidence sought was immaterial to the remaining claims. We are satisfied that the District Court did not abuse its discretion.

IV

For the foregoing reasons, we will affirm.